IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EUGENE L. CHERRY,

            Petitioner,

     v.

GARY BOUGHTON and
JON LITSCHER,

            Respondents.

ORDER

3:07-cv-732-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Eugene Cherry, a prisoner at the Wisconsin Secure Program Facility in Boscobel, Wisconsin, has filed a proposed complaint and a request for leave to proceed in forma pauperis. The request will be denied, because petitioner does not qualify for in forma pauperis status under 28 U.S.C. § 1915(g).

Section 1915(g) reads as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

On at least three prior occasions, I denied petitioner leave to proceed in forma pauperis in lawsuits that contained claims that were legally frivolous, malicious or failed to state a claim upon which relief may be granted. See Hashim v. Berge, 01-C-314-C, decided September 24, 2001; Cherry v. Berge, 05-C-38-C, decided May 17, 2005; and Cherry v. Belz, 03-C-129-C, decided April 25, 2003.[1]

Moreover, petitioner's complaint does not allege facts from which an inference may be drawn that he is under imminent danger of serious physical injury. In his complaint, petitioner alleges that on July 3, 2002 respondent Gary Boughton allowed petitioner to be placed in the Behavior Management Plan for two weeks and respondents Gary Boughton and Jon Litscher "turned a blind eye when [petitioner] complained about the [Behavior Management] Plan through the inmate complaint system." During the time petitioner was in the Behavior Management Plan, he was placed in a cold cell naked and deprived of clothing, a mattress, his property and his medications for back pain. Now, five and a half years later, petitioner contends that he continues to suffer from back, hip, chest and leg pain from having had to sleep on the bare, concrete floor.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a

---

[1] Petitioner incurred his third strike in accordance with George v. Smith, 507 F.3d 605 (7th Cir. 2007) because I dismissed one of his claims in case no. 03-C-129-C for petitioner's failure to state a claim upon which relief may be granted.

2

petitioner must allege a constitutionally impermissible physical injury that is imminent or occurring at the time the complaint is filed. The alleged unconstitutional condition causing the physical injury must be real and proximate. <u>Ciarpaglini v. Saini</u>, 352 F.3d 328, 330 (7th Cir. 2003) (citing <u>Lewis v. Sullivan</u>, 279 F.3d 526, 529 (7th Cir. 2002), and <u>Heimermann v. Litscher</u>, 337 F.3d 781 (7th Cir. 2003)). Petitioner's complaint does not contain allegations from which an inference may be drawn that any respondent is presently violating his constitutional rights. The alleged unconstitutional acts occurred more than five years ago. Although it is unfortunate that petitioner suffers physical pain to this day as a result of the alleged unconstitutional acts, the residual effects of a past harm are not the sort of physical injury that warrants application of the exception to § 1915(g). If petitioner wishes to pursue his claim, he will have to pay the $350 fee for filing his complaint.

  Because petitioner is disqualified from proceeding <u>in forma pauperis</u> under § 1915(g), he may choose to pursue this case as a paying litigant. If he wishes to take this route, he must submit a check or money order made payable to the clerk of court in the amount of $350 and he must do so no later than January 29, 2008. If he does this, however, petitioner should be aware that the court then will be required to screen his complaint under 28 U.S.C. § 1915A, and dismiss his case if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

3

If petitioner does not pay the $350 filing fee by January 29, 2008, I will consider that he does not want to pursue this action. In that event, the clerk of court is directed to close this file. However, even if the file is closed, petitioner will still owe the $350 filing fee and he must pay it as soon as he has the means to do so. Newlin v. Helman, 123 F.3d 429, 436-437 (7th Cir. 1997).

ORDER

IT IS ORDERED that petitioner's request for leave to proceed in forma pauperis is DENIED because petitioner is ineligible for in forma pauperis status under 28 U.S.C. § 1915(g).

Further, IT IS ORDERED that petitioner may have until January 29, 2008, in which to submit a check or money order made payable to the clerk of court in the amount of $350. If, by January 29, 2008, petitioner fails to pay the fee, the clerk of court is directed to close this file. However, even in that event, the clerk of court is to insure that petitioner's

obligation to pay the $350 fee for filing this case is reflected in this court's financial records.

Entered this 8th day of January, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge