IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EUGENE L. CHERRY,

                                                               ORDER

                Petitioner,

                                                        3:07-cv-00732-bbc

      v.

GARY BOUGHTON and
JON LITSCHER,

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered in this case on January 8, 2008, I denied petitioner Eugene Cherry leave to proceed in forma pauperis because he has struck out under 28 U.S.C. § 1915(g) and the allegations in his complaint do not suggest that he is in "imminent danger of serious physical harm." I told petitioner that he had to choose between two options. He could pay immediately the full fee for filing this case, in which case I would screen the merits of his complaint under 28 U.S.C. § 1915A, or he could ask that his case be closed and still owe the $350 filing fee.

When I entered the January 8 order, I was unaware that petitioner had filed a letter dated January 5, 2008, in which he asked for permission to withdraw his complaint. Now

1

petitioner has filed letters dated January 10, 2008 and January 27, 2008, that I construe as motions for reconsideration of the January 8 order requiring him to pay the $350 filing fee and ruling that he has incurred three strikes. I will grant petitioner's motion for reconsideration of his obligation to pay the $350 filing fee. However, I must deny petitioner's motion for reconsideration of the ruling that he has incurred three strikes because I am bound to follow Seventh Circuit precedent as articulated in George v. Smith, 507 F.3d 605 (7th Cir. 2007).

In his January 10 letter, petitioner says, "I received your order in the above-captioned case in which you state that I owe the court the $350 filing fee for this case. Let the record reflect that I wrote this court a week ago before this decision was made, requesting to withdraw the above-captioned complaint."

Requiring a person who has struck out to pay the fee for bringing a fourth case even if that case is subsequently withdrawn or dismissed is not a new rule. In Sloan v. Lesza, 181 F.3d 857, 859 (7th Cir. 1999), the court of appeals stated expressly that a prisoner who seeks permission to proceed in forma pauperis after "a federal judge has held that § 1915(g) applies to a particular litigant" will lead to immediate termination of the suit and the filing fee remains due. Therefore, under ordinary circumstances, I would not be free to excuse petitioner's obligation to pay the fee for filing this case. These are not ordinary circumstances, however, because before he filed his complaint in this case, petitioner had no

2

reason to believe that three strikes had been recorded against him.

In his January 27 letter petitioner states,

> "[i]n the case <u>Hashim v. Berge</u>, #01-C-314-C and <u>Cherry v. Berge</u>, 05-C-38-C, Judge Crabb dismissed after the initial screening and clearly stipulated in the orders dated 9-24-01 and 5-17-05 that plaintiff is receiving a strike under 28 U.S.C.A. § 1915(g). But in the case <u>Cherry v. Belz</u>, #03-C-129-C, Judge Crabb allowed plaintiff to proceed in forma pauperis on all claims except one. The entire action was not dismissed, nor did Judge Crabb stipulate in the order that plaintiff would receive a strike for the one issue that she did not allow him to proceed on."

Petitioner appears to believe that because I did not state expressly in any order entered in <u>Cherry v. Belz</u> that I was recording a strike against him, I cannot now count that case as warranting a strike. He is wrong. There is no requirement in § 1915(g) that federal courts record strikes formally in the records of the cases in which strikes are earned. Strikes occur automatically when any case, and now pursuant to <u>George</u>, any claim, is dismissed from a lawsuit on the ground that it is legally frivolous or malicious or fails to state a claim upon which relief may be granted. Therefore, this court was required to count toward petitioner's three strike limit the claim that was dismissed in case no. 03-C-129-C, for failure to state a claim upon which relief may be granted. This court did not err in concluding that petitioner has incurred three strikes.

However, because petitioner filed this case without knowing that under <u>George</u> he had struck out and because petitioner asked to withdraw his complaint before I entered the

3

January 8 order advising him that he is no longer eligible to proceed in forma pauperis unless he qualifies for the imminent danger exception to § 1915(g), I will grant petitioner's motion for reconsideration of his obligation to pay the $350 filing fee. I believe that if petitioner had been aware that he had struck out under § 1915(g), he would not have filed this case at all. Therefore, I will direct the clerk of court to close this file and eliminate any reference to petitioner's obligation to pay the fee for filing this action that may have been entered into the court's electronic financial record system. In addition, I am enclosing to petitioner a copy of the complaint he filed in this case as he requests.

## ORDER

IT IS ORDERED that

1. Petitioner's motion for reconsideration of the ruling in the January 8, 2008 order requiring him to pay the $350 filing fee is GRANTED. The clerk of court is requested to correct the court's electronic financial records for petitioner in accordance with this order.

2. Petitioner's motion for reconsideration of the ruling in the January 8, 2008 order that he has incurred three strikes is DENIED.

3. The Clerk of Court is directed to close this case.

Entered this 31st day of January, 2008.

                                                BY THE COURT:
/s/
BARBARA B. CRABB
District Judge